# Ives *et al. v.* Rice.

### *Bill to enforce Vendor's Lien.*

1. *Setting aside sale under decree, on proof of payment.*—Under a decree declaring a vendor's lien, the lands not having been sold until after the lapse of twelve years, the sale was set aside, and satisfaction of the decree entered, on proof of full payment before the sale.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. THOMAS COBBS.

Appellants filed a bill to enforce the vendor's lien. A decree was rendered in their favor in November, 1873. In August, 1885, the register sold the land and made a report of sale. The defendant submitted exceptions to this report, and filed a petition to set aside the sale on the ground that the decree against him had been paid. The question of payment *vel non* was referred to the register, who reported that payment had been made. Complainants filed exceptions to this report, which exceptions were overruled, and a decree was rendered, that the register enter satisfaction on the record of the decree theretofore rendered against defendant in 1873, and setting aside the sale in August, 1885. Complainants appealed.

EMMET O'NEAL, for appellants.

R. O. PICKETT, *contra.*

PER CURIAM.—Excluding all illegal testimony to which objection is properly taken, there remains, in the opinion of the court, a sufficient amount of legal testimony to support the conclusion reached by the chancellor, that the decree sought to be enforced in favor of appellants against the ap-

pllee had been fully paid and discharged prior to the sale of the land.

The sale was, therefore, properly set aside, and there was no error in the decree of the chancellor ordering the entry of satisfaction of the judgment, in favor of the appellant, under which the sale was made.

Affirmed.